FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ AUG 07 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATRICIA YEAGER-ATLAS,

                Plaintiff,

     -against-

BOARD OF EDUCATION OF MIDDLE COUNTRY
SCHOOL DISTRICT NO. 11,

                Defendant.
----------------------------------------------------------------X

**ORDER**
12-CV-3662(SJF)(AKT)

FEUERSTEIN, J.

     On July 24, 2012, plaintiff Patricia Yeager-Atlas ("plaintiff") commenced this action against the Board of Education of Middle Country School District No. 11 ("defendant"), alleging that defendant's policy for the payment of the costs of health insurance benefits for its retired employees violates the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq. [Docket Entry No. 1] ("Compl."). Now before the Court is defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. For the reasons that follow, the motion is GRANTED.

I.   Background

     Plaintiff worked for defendant as a teacher until June 2000 when she retired at the age of sixty-two (62). Compl. at ¶¶ 7-9. The collective bargaining agreement ("CBA") between defendant and the Middle Country Teachers Association, the union representing teachers and librarians employed by defendant, contains a retirement incentive which provides that defendant will pay one hundred percent (100%) of the cost of a retired employee's health insurance benefits if the employee retires before the age of fifty-five (55). Compl. at ¶ 11. Because

1

plaintiff retired at the age of sixty-two (62), the CBA requires her to pay fifty percent (50%) of the cost of her health insurance benefits during her retirement. Compl. at ¶¶ 12-13, 16-18.[1] Therefore, according to plaintiff, "[t]he policy under which defendant pays the costs of health insurance benefits for its retired employees is discriminatory on the basis of age." Compl. at ¶ 14.

Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on June 1, 2011, and the EEOC issued a right to sue letter on April 26, 2012. Compl. at ¶¶ 4, 5.

Plaintiff requests: (1) a declaration that defendant has violated the ADEA; (2) an injunction directing defendant to cease engaging in discriminatory conduct; (3) compensatory damages, including reimbursement for payments made by the plaintiff for health insurance benefits after retirement; and (4) attorney's fees and costs. Compl. at 4.

II. Discussion

In a decision issued on June 7, 2013 (after the commencement of this case), the Second Circuit held that the retirement incentive challenged here does not violate the ADEA. Abramson v. Bd. of Educ. of Middle Country Sch. Dist. No. 11, Nos. 12-3035, 12-3300, 2013 WL 2450579, at *1 (2d Cir. June 7, 2013) (summary order).[2] The Second Circuit previously held in

---

[1] The CBA provides, in relevant part, that: "Teachers are eligible for a retirement incentive if they meet the following conditions: 1. The teacher has been in employ of the District for ten (10) years or more; and 2. The teacher retires on July 1st following his/her 55th birthday. However, teachers who turn age 55 between July 1st and August 31st may elect to retire the month they reach age 55; and 3. An irrevocable letter of retirement is given to the Superintendent no later than February 1st of the year of retirement." [Docket Entry Nos. 8-2, 8-3].

[2] In Abramson v. Board of Education of Middle Country School District No. 11, this Court dismissed a challenge to the retirement incentive in the CBA on the ground that it was barred by the relevant statute of limitations, No. 11-CV-3322, 2012 WL 2458164, at *6 (E.D.N.Y. June 27, 2012), and in Loucks v. Board of Education of Middle Country School District No. 11, District

Auerbach v. Board of Education of the Harborfields Central School District that a retirement incentive does not violate the ADEA if it "(1) is truly voluntary, (2) is made available for a reasonable period of time, and (3) does not arbitrarily discriminate on the basis of age." 136 F.3d 104, 112-13 (2d Cir. 1998). In Abramson, the Second Circuit concluded that the retirement incentive at issue here "easily passes [the Auerbach] three-part test," holding as follows:

> The incentive was plainly voluntary; all three of the employees . . . independently chose not to accept. It was available for a reasonable amount of time; the employees had until February 1 in their final year of service to make their retirement election—a full month more than the teachers had in Auerbach. Finally, the provision does not enable arbitrary discrimination. Every employee who had worked the minimum number of years required under the plan was given the opportunity to accept the incentive, and employees who chose to decline (like the plaintiffs) were able to continue to work as valued employees in the School District without any corresponding loss of benefits or job status.

2013 WL 2450579, at *1 (citation and internal quotation marks omitted).

The Second Circuit's holding that the retirement incentive in the CBA does not violate the ADEA as a matter of law is dispositive of plaintiff's claim. Therefore, defendant's motion to dismiss the complaint [Docket Entry No. 8] is GRANTED. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: August 7, 2013
Central Islip, New York

---

Judge Joseph F. Bianco held that the retirement incentive falls within the safe harbor provision of the ADEA, 29 U.S.C. § 623(f)(2)(B)(ii),[2] and therefore does not violate the statute. 879 F. Supp.2d 281, 291 (E.D.N.Y. 2012). Both decisions were appealed to the Second Circuit and were considered together on appeal.